FILED

2019 AUG 16  AM 11: 44

CLERK,US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

LEGAL MAIL

Provided to Florida State Prison on

_JACKSONVILLE_  Division

8/14/19  for mailing by ___AB___

## CIVIL RIGHTS COMPLAINT FORM

ANTONIO L. BUCKMAN

CASE NUMBER: 3:19-CV-953-J-32PDB
(To be supplied by Clerk's Office)

JURY TRIAL DEMANDED

(Enter full name of each Plaintiff and
prison number, if applicable)

v.

SGT. RHETT WARNER          L.T. STEPHEN THOMPSON

OFFICER LUCAS KARR          DR. G. EMANDILIEDS

OFFICER     HALL

ALL DEFENDANTS ARE BEING SUED
IN THEIR INDIVIDUAL CAPACITIES.

(Enter full name of each Defendant.
If additional space is required, use the
blank area directly to the right).

_____/

## ANSWER ALL OF THE FOLLOWING QUESTIONS:

I.  PLACE OF PRESENT CONFINEMENT: FLORIDA STATE PRISON, P.O. BOX 800
(Indicate the name and location)
RAIFORD, FL 32083

II.  EXHAUSTION OF ADMINISTRATIVE REMEDIES: Exhaustion of administrative remedies is
required prior to pursuing a civil rights action regarding conditions or events in any prison, jail,
or detention center.  42 U.S.C. § 1997e(a).  Plaintiff is warned that any claims for which the
administrative grievance process was not completed prior to filing this lawsuit may be subject
to dismissal.

III.  PREVIOUS LAWSUITS:

(1). PREVIOUS LAWSUITS:

PLAINTIFF(S): ANTONIO L BUCKMAN
DEFENDANT(S): DARRELL KENNINGTON, Et al.,

(2). CASE WAS FILED IN THE FEDERAL COURT: MIDDLE DISTRICT OF FLORIDA
(3). DOCKET NUMBER: 3:08-CV-893-J-32JRK
(4). NAME OF JUDGE: TIMOTHY J. CORRIGAN
(5). BRIEFLY DESCRIBE THE FACTS AND BASIS OF THE LAWSUIT: EXCESSIVE USE OF FORCE AGAINST PLAINTIFF IN VIOLATION OF HIS 8th AMENDMENT RIGHT OF THE UNITED STATES CONSTITUTION
(6). DISPOSITION OF CASE: SETTLED
(7). APPROXIMATELY FILING DATE: SEPTEMBER 15, 2008
(8). APPROXIMATELY DISPOSITION DATE: MARCH OF 2010

(1). PREVIOUS LAWSUITS:

PLAINTIFF(S): ANTONIO L. BUCKMAN
DEFENDANT(S): LANCE SIMMONS, Et al.,

(2). CASE WAS FILED IN THE FEDERAL COURT: MIDDLE DISTRICT OF FLORIDA
(3). DOCKET NUMBER: 3:10-CV-1056-J-12JBT
(4). NAME OF JUDGE: JOEL B. TOOMEY
(5). BRIEFLY DESCRIBE THE FACTS AND BASIS OF THE LAWSUIT: PLAINTIFF WAS DENIED MEDICAL ASSISTANCE, FORCED TO SELF-HARM HIMSELF, IN VIOLATION OF PLAINT-IFF'S 8th AMENDMENT RIGHT OF THE UNITED STATES CONSTITUTION
(6). DISPOSITION OF CASE: SETTLED
(7). APPROXIMATELY FILING DATE: NOV. 9, 2010
(8). APPROXIMATELY DISPOSITION DATE: 12-8-14

(1). PREVIOUS LAWSUITS:

PLAINTIFF(S): ANTONIO L BUCKMAN
DEFENDANT(S): SECRETARY, DEPT. OF CORR. Et al.,

(2). CASE WAS FILED IN THE FEDERAL COURT: MIDDLE DISTRICT OF FLORIDA
(3). DOCKET NUMBER: 3:10-CV-486-J-JRK
(4). NAME OF JUDGE: JAMES R. KLINDT
(5). BRIEFLY DESCRIBE THE FACTS AND BASIS OF THE LAWSUIT: THIS CASE IS NOT A 1983 CIVIL CASE, BUT A FEDERAL HABEAS CORPUS CHALLENGING HIS CONVICTION AND SENTENCE UNDER INEFFECTIVE ASSISTANT OF COUNSEL CLAIMS.
(6). DISPOSITION OF CASE: PENDING
(7). APPROXIMATELY FILING DATE: JUNE 1, 2010
(8). APPROXIMATELY DISPOSITION DATE: PENDING

(1). PREVIOUS LAWSUITS:

PLAINTIFF(S): ANTONIO L. BUCKMAN
DEFENDANT(S): RONNIE MORRIS

(2). COURT (IF FEDERAL COURT, NAME OF THE DISTRICT)
MIDDLE DISTRICT OF FLORIDA

(3). DOCKET NUMBER: 3:12-CV-938-J-34-PDB
(4). NAME OF JUDGE: JOEL B. TOOMEY
(5). BRIEFLY DESCRIBE THE FACTS AND BASIS OF THE LAWSUIT:
1983 CIVIL SUIT. PLAINTIFF WAS ASSAULTED/EXCESSIVE USE OF FORCE IN VIOLATION
OF PLAINTIFF'S 8th AMENDMENT RIGHT OF THE UNITED STATES CONSTITUTION.

(6). DISPOSITION OF CASE? SETTLED
(7). APPROXIMATELY FILING DATE: 2012
(8). APPROXIMATELY DISPOSITION DATE? 1-7-2015

(1). PREVIOUS LAWSUITS:

PLAINTIFF(S): ANTONIO L. BUCKMAN
DEFENDANT(S): RONNIE MORRIS

(2). COURT (IF FEDERAL COURT NAME OF THE DISTRICT)
MIDDLE DISTRICT OF FLORIDA

(3). DOCKET NUMBER: 3:13-CV-872-J-32JRK
(4). NAME OF JUDGE: JAMES R. KLINDT
(5). BRIEFLY DESCRIBE THE FACTS AND BASIS OF THE LAWSUIT: EXCESSIVE
FORCE AGAINST PLAINTIFF/ASSAULT & BATTERY/FAILURE TO PROTECT, DURING CELL EXTRACTION,
IN VIOLATION OF PLAINTIFF'S 8th AMENDMENT RIGHT OF THE UNITED STATES CONSTITUTION.
(6). DISPOSITION OF CASE? DENIED
(7). APPROXIMATELY FILING DATE: 12-3-2013
(8). APPROXIMATELY DISPOSITION DATE? JUNE 13, 2018

(1). PREVIOUS LAWSUITS:

PLAINTIFF(S): ANTONIO L. BUCKMAN
DEFENDANT(S): SEC. DEPT. OF CORR. ET AL.

(2). COURT [STATE/IF STATE COURT, NAME THE COUNTY)
LEON COUNTY
(3). DOCKET NUMBER: 2012-CA-2672
(4). NAME OF JUDGE: KEVIN J. CARROLL
(5). BRIEFLY DESCRIBE THE FACTS AND BASIS OF THE LAWSUIT: PLAINTIFF FILED
A WRIT OF MANDAMUS CHALLENGING HIS DR CONVICTION, WHERE HE WAS DENIED
THE RIGHT TO HAVE EVIDENCE PRESENTED AT THE HEARING.
(6). DISPOSITION OF CASE? DISMISSED
(7). APPROXIMATELY FILING DATE: 8-16-12
(8). APPROXIMATELY DISPOSITION DATE: DON'T KNOW

(1). **PREVIOUS LAWSUITS:**

PLAINTIFF(S): ANTONIO L. BUCKMAN

DEFENDANT(S): WARDEN STEVEN SINGER, et al.

(2). COURT (IF FEDERAL COURT, NAME OF THE DISTRICT)

MIDDLE DISTRICT OF FLORIDA

(3). DOCKET NUMBER: 3:11-CV-269-J-99TJG-JRK

(4). NAME OF JUDGE: TIMOTHY J. CORRIGAN

(5). BRIEFLY DESCRIBE THE FACTS AND BASIS OF THE LAWSUIT: PLAINTIFF & SOUGHT A PRELIMINARY INJUNCTION/TRO TO CEASE FDOC FROM CUTTING HIS HAIR UNDER THE 1ST AMENDMENT RIGHT U.S.C. AND THE (RLUIPA)

(6). DISPOSITION OF CASE? DISMISSED

(7). APPROXIMATELY FILING DATE: (AROUND MARCH 17, 2011

(8). APPROXIMATELY DISPOSITION DATE: MARCH 23, 2011

(1) **PREVIOUS LAWSUITS:**

PLAINTIFF(S): ANTONIO L. BUCKMAN

DEFENDANTS(S): JOHN PALMER, et al.

(2). COURT (IF FEDERAL COURT, NAME THE DISTRICT)

MIDDLE DISTRICT OF FLORIDA

(3). DOCKET NUMBER: 3:12-CV-1056-Doooo47RK-J-34JRK

(4). NAME OF JUDGE: MARCIA M. HOWARD

(5). BRIEFLY DESCRIBE THE FACTS AND BASIS OF THE LAWSUIT: PLAINTIFF SOUGHT AN INJUNCTION/TRO TO FORCE FDOC TO ISSUE HIM HIS PERSONAL PROPERTY, LEGAL WORK, etc. THAT WAS ILLEGALLY TAKEN

(6). DISPOSITION OF CASE? DISMISSED

(7). APPROXIMATELY FILING DATE: 9-27-12

(8). APPROXIMATELY DISPOSITION DATE: DISMISSED 9-28-12

(1) **PREVIOUS LAWSUITS:**

PLAINTIFF(S): ANTONIO L. BUCKMAN

DEFENDANT(S): DANNY HALSEY

(2). COURT (IF FEDERAL COURT, NAME THE DISTRICT)

MIDDLE DISTRICT OF FLORIDA

(3). DOCKET NUMBER: 3:18-CV-435-J-32MCR

(4). NAME OF JUDGE: TIMOTHY J. CORRIGAN

(5). BRIEFLY DESCRIBE THE FACTS AND BASIS OF THE LAWSUIT: 1983 CIVIL SUIT. THA THE SAID DEFENDANT FAILED TO PROTECT PLAINTIFF FROM ANOTHER INMATE.

(6). DISPOSITION OF CASE? PENDING

(7). APPROXIMATELY FILING DATE: 3-28-18

(8). APPROXIMATELY DISPOSITION DATE: NB

A.    Have you initiated other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (✓) No ( )

B.    Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (✓) No ( )

C.    If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

        1.    Parties to previous lawsuit:

                Plaintiff(s): ANTONIO L. BULLMAN

                Defendant(s): SGT. JAMES A. BEICHLEY AND OFFICER T. COLEMAN

        2.    Court (if federal court, name the district; if state court, name the county):

                BRADFORD COUNTY

        3.    Docket Number: 04-2010-CA-50

        4.    Name of judge: TOBY S. MINALLO

        5.    Briefly describe the facts and basis of the lawsuit: DEFENDANT DESTROYED PLAINTIFFS PROPERTY THAT RESULTED IN A TORT ACTION BEING FILED - PLAINTIFF SOUGHT COMPENSATORY DAMAGES.

        6.    Disposition (Was the case dismissed? Was it appealed? Is it still pending?): CASE DENIED

        7.    Approximate filing date: JANUARY 4, 2010

        8.    Approximate disposition date: OCTOBER 21, 2010

D.    Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so,

DC 225 (Rev 2/2012)                    5 OF 19

identify these suits below by providing the case number, the style, and the disposition of each case: (1). CASE NO 3:11-CV-21A-J-99TJC-JRK, PRELIMINARY INJUNCTION/TRO FEDERAL SUIT DISMISSED AS FRIVOLOUS OR FAILURE TO STATE A CLAIM OF VIOLATION OF RELIGIOUS RIGHTS (2). CASE NO. 3:12-CV-1056-MMH-JRK PRELIMINARY INJUNCTION/TRO DISMISSED FOR FAILURE TO PROVIDE A PROPOSED ORDER. VIOLATION OF PLAINTIFF'S 1st & 14th AMENDMENT RIGHTS TO LEGAL DOCUMENTS AND RELIGIOUS MATERIAL

IV. PARTIES: In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: ANTONIO L. BUCKMAN

Mailing address: FLORIDA STATE PRISON, P.O. BOX 800, RAIFORD, FL 32083

B. Additional Plaintiffs: ______

In part C of this section, indicate the **full name** of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C. Defendant: BRETT WARNER

Mailing Address: P.O. BOX 800, RAIFORD, FL 32083

Position: SERGEANT

Employed at: FLORIDA STATE PRISON

D. Defendant: LUCAS KARR

Mailing Address: LAST KNOWN P.O. BOX 800, RAIFORD, FL 32083

Position: _OFFICER_

Employed at: _DONT KNOW, LAST KNOW   FLORIDA STATE PRISON_

E.   Defendant: _HALL_

Mailing Address: _P.O. BOX 800, RAIFORD, FL 32083_


Position: _OFFICER_

Employed at: _FLORIDA STATE PRISON_

F.   Defendant: _STEPHEN THOMPSON_

Mailing Address: _P.O. BOX 800, RAIFORD, FL 32083_


Position: _LIEUTENANT_

Employed at: _FLORIDA STATE PRISON_

G.   Defendant: _G. EMANDILIEDS_

Mailing Address: _P.O. BOX 800, RAIFORD, FL 32083_


Position: _D? MENTAL HEATH DIRECTOR / DUCTOR_

Employed at: _FLORIDA STATE PRISON_

DC 225 (Rev 2/2012)

V.    STATEMENT OF CLAIM: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. **Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.**

(1). DEFENDANT BRETT WARNER IS A CORRECTIONAL SERGEANT EMPLOYED AT FLORIDA STATE PRISON, HE IS BEING SUED IN HIS INDIVIDUAL CAPACITY.

(2). DEFENDANTS JACUS KARR AND HALL IS CORRECTIONAL OFFICERS EMPLOYED AT FLORIDA STATE PRISON, THEY ARE BEING SUED IN THEIR

VI.    STATEMENT OF FACTS: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1.    Name and position of person(s) involved.
2.    Date(s).
3.    Place(s).
4.    Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5.    Nature and extent of injury (i.e., physical injury or how you were harmed by the acts of the defendant[s]).

(3). ON DECEMBER 8, 2017 AT APPROXIMATELY 1:85 PM - 2:30 PM WHILE HOUSED AT FLORIDA STATE PRISON ON B-WING CELL 1212, PLAINTIFF DE-CLARED A PSYCHOLOGICAL EMERGENCY (DOVD) AND CLEAR UNDER HIS CELL DOOR TO SGT. WARNER, OFFICER KARR AND OFFICER HALL IN WHICH PLAINTIFF VERBALLY INFORMED THEM THAT HE WAS GOING TO CUT, STILL PLAINTIFF RECEIVED NO ASSISTANCE.

(4). THEREAFTER, AT APPROXIMATELY 2:33 PM OFFICER KARR CONDUCTED

STATEMENT OF CLAIM. CONTINUED:

INDIVIDUAL CAPACITIES.

(3). DEFENDANT STEPHEN THOMPSON IS A CORRECTIONAL LIEUTENANT EMPLOYED AT FLORIDA STATE PRISON HE IS BEING SUED IN HIS INDIVIDUAL CAPACITY.

(4). DEFENDANT DR. G. EMANUILIDES, IS A MENTAL HEALTH DIRECTOR \ DOCTOR EMPLOYED BY THE PRIVATE COMPANY OF CENTURION, BUT WORKS AT FLORIDA STATE PRISON, HE IS BEING SUED IN HIS INDIVIDUAL CAPACITY.

# A. <u>DELIBERATE INDIFFERENCE TO PLAINTIFFS MENTAL HEALTH NEEDS</u>

(5). THE ACTS AND OMISSIONS OF DEFENDANT WARNER, KARR AND HALL DELIBERATE DISREGARDS OF PLAINTIFF'S MENTAL HEALTH NEEDS FROM SAFETY OF SELF-HARM WAS INTENTIONAL AND CONSTITUTES DELIBERATE INDIFFERENCE TOWARDS PLAINTIFF MENTAL HEALTH NEEDS IN VIOLATION OF HIS EIGHTH AMENDMENT RIGHT OF THE UNITED STATES CONSTITUTION AGAINST CRUEL AND UNUSUAL PUNISHMENT AND THE UNNECESSARY WANTON INFLICTION OF PAIN, WHEREAS, THE SAID DEFENDANTS WAS AWARE BEFORE HAND OF A SUBSTANTIAL RISK OF SERIOUS HARM TO PLAINTIFF WHEN PLAINTIFF VERBALLY INFORMED THEM THAT HE WAS GOING TO SELF-HARM HIMSELF BY CUTTING IF HE DIDN'T RECEIVE MENTAL HEALTH ASSISTANCE. THE DEFENDANTS IGNORED PLAINTIFF'S THREAT AND FAILED TO TAKE ANY PRECAUTIONARY MEASURES TO ENSURE THAT PLAINTIFF WOULD NOT AND COULD NOT HARM HIMSELF, THERE WAS A STRONG LIKELIHOOD, RATHER THAN JUST A MERE POSSIBILITY THAT PLAINTIFF WOULD SELF-INFLICT HARM UPON HIMSELF UNDER THE FACTS CONTAINED IN THIS COMPLAINT, THEREFORE, DUE TO SGT. WARNER, OFFICER KARR AND HALLS FAILURE IN THEIR DUTY TO PROTECT PLAINTIFF FROM SELF-HARM, THEY THEREBY CONTRIBUTED TO AND PROXIMATELY CAUSED PLAINTIFF'S INJURIES.

---

(6). DUE TO DEFENDANT WARNER, KARR AND HALL DISREGARD OF PLAINTIFFS MENTAL HEALTH NEEDS, PLAINTIFF SELF-INFLICTED CUTS TO HIS LEFT WRIST THAT CAUSED PAIN.

## B. MENTAL HEALTH DOCTOR DELIBERATE INDIFFERENCE TO PLAINTIFFS MENTAL HEALTH NEEDS

(7). THE ACTS AND OMISSIONS OF DEFENDANT DOCTOR G. EMANUELLIED DELIBERATE DISREGARDS OF PLAINTIFFS MENTAL HEALTH NEEDS FROM SAFETY OF SELF-HARM WAS INTENTIONAL, HARMFUL AND RECKLESS THAT WAS SO GROSSLY INCOMPETENT AND INADEQUATE AS TO SHOCK THE CONSCIENCE OR TO BE INTOLERABLE TO FUNDAMENTAL FAIRNESS THAT VIOLATES THE EIGHTH AMENDMENT RIGHT OF THE UNITED STATES CONSTITUTION, WHEREAS, DR. EMANUELLIED WAS WELL AWARE OF A SUBSTANTIAL RISK OF SERIOUS HARM TO PLAINTIFFS WHEN PLAINTIFF VERBALLY INFORMED HIM THAT IF HE DIDN'T RECEIVE MENTAL HEALTH ASSISTANCE AND BE PLACED IN THE SHOS CELL HE WAS GOING TO SELF-INFLICT HARM UPON HIMSELF BY CUTTING. DR. EMANUELLIEDS IGNORED PLAINTIFFS THREAT WHICH CAUSED PLAINTIFF TO CUT HIMSELF SEVERAL TIMES. DR. EMANUELLIEDS FAILED IN HIS DUTY TO TAKE ANY PRECAUTIONARY MEASURES TO ENSURE THAT WOULD NOT AND COULD NOT SELF-INFLICT HARM UPON HIMSELF. THERE WAS A STRONG LIKELIHOOD, RATHER THAN JUST A MERE POSSIBILITY THAT PLAINTIFF WOULD SELF-INFLICT HARM UPON HIMSELF UNDER THE FACTS CONTAINED IN THIS COMPLAINT. THEREFORE, DUE TO DR. EMANUELLIEDS FAILURE TO PROTECT PLAINTIFF FROM SELF-HARM HE THEREBY, CONTRIBUTED TO AND PROXIMATELY CAUSED PLAINTIFF'S INJURIES THAT CONSTITUTE DELIBERATE INDIFFERENCE TO PLAINTIFFS MENTAL HEALTH NEEDS IN VIOLATION OF THE EIGHTH AMENDMENT PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT AND THE UNNECESSARY WANTON INFLICTION OF PAIN.

(8). DUE TO DEFENDANT EMANUELLIEDS DISREGARD OF PLAINTIFFS MENTAL HEALTH NEEDS, PLAINTIFF SELF-INFLICTED MULTIPLE CUTS TO HIS LEFT WRIST THAT CAUSED PAIN.

STATEMENT OF CLAIM, CONTINUED:

# C. EXCESSIVE AND/OR UNNECESSARY USE OF FORCE

(9). THE ACTIONS OF DEFENDANT WARNER AND THOMPSON ADVANCED PLAN TO SPRAY THE PLAINTIFF WITH CHEMICAL AGENTS WITHOUT REGARD TO WHETHER THERE WAS A NEED TO SPRAY THE PLAINTIFF TO QUELL A DISTURBANCE OR EXACT HIS COMPLIANCE WITH PROPER ORDERS WAS DONE MALICIOUSLY AND SADISTICALLY FOR THE VERY PURPOSE OF CAUSING HARM AND NOT FOR ANY LEGITIMATE PENOLOGICAL REASONS, THEREFORE, THE SPRAYING WAS UNCONSTITUTIONAL AS A MATTER OF CLEARLY ESTABLISHED LAW, FURTHERMORE, REHOUSING THE PLAINTIFF IN AN UNDECONTAMINATED CELL WHERE CHEMICAL AGENTS LINGERED IN THE AIR, ON THE WALL AND FLOOR CONSTITUTES EXCESSIVE FORCE AS STATED WITHIN THIS COMPLAINT, THEREBY, THE DEFENDANT'S CONTRIBUTED TO AND PROXIMATELY CAUSED PLAINTIFF'S PAIN AND INJURIES IN VIOLATION OF THE EIGHTH AMENDMENT RIGHT OF THE UNITED STATES CONSTITUTION AGAINST CRUEL AND UNUSUAL PUNISHMENT AND THE UNNECESSARY WANTON INFLICTION OF PAIN.

AND.

# D. CRUEL AND UNUSUAL CONDITION OF CONFINEMENT

(10). THE ACTS AND OMISSIONS OF DEFENDANT WARNER, KARR AND THOMPSON SUBJECTING PLAINTIFF TO CONDITIONS OF CONFINEMENT THAT WAS UNSAFE AND UNHEALTHY THAT AMOUNTED TO CRUEL AND UNUSUAL PUNISHMENT AND THE UNNECESSARY WANTON AND INFLICTION OF PAIN IN VIOLATION OF THE EIGHTH AMENDMENT RIGHT OF THE UNITED STATES CONSTITUTION AFTER PLAINTIFF HAD CHEMICAL AGENTS USED AGAINST HIM. THE DEFENDANT'S INTENTIONALLY DEPRIVED THE PLAINTIFF OF ALL THE MINIMAL CIVILIZED MEASURES OF LIFE NECESSITIES THAT WAS NEEDED UNDER HIS CONDITIONS OF CONFINEMENT WITHOUT PENOLOGICAL JUSTIFICATION;

STATEMENT OF CLAIM: (CONTINUED)

THE DEFENDANTS WAS FURTHER AWARE THAT A SUBSTANTIAL RISK OF SERIOUS HARM EXISTED TOWARDS PLAINTIFFS HEALTH AND SAFETY WHEN THEY RE-HOUSED HIM UNDER EXTREME HARSH CONDITIONS AS DESCRIBED IN THIS COMPLAINT AND THE FAILURE OF THE DEFENDANTS TO ABATE SUCH HARSH CONDITIONS AMOUNTED TO DELIBERATE INDIFFERENCE OF PLAINTIFFS HEALTH AND SAFETY AND THEREBY CONTRIBUTED TO AND PROXIMATELY CAUSED PLAINTIFFS INJURIES.

(11). THE PLAINTIFF HAS NO PLAIN ADEQUATE OR COMPLETE REMEDY AT LAW TO REDRESS THE WRONGS DESCRIBED IN THIS COMPLAINT. PLAINTIFF HAS AND WILL CONTINUE TO BE IRREPARABLY INJURED BY THE CONDUCT OF ALL THE DEFENDANTS HEREIN.

(12). ALL THE DEFENDANTS HAVE ACTED UNDER THE COLOR OF STATE LAW AT ALL TIMES RELEVANT TO THIS COMPLAINT.

STATEMENT OF FACTS, CONTINUED:

A WING CHECK IN WHICH PLAINTIFF INFORMED HIM THAT HE HAD CUT AND WAS DECLARING A PSYCH-EMERGENCY.

(15). OFFICER KARR THEN STATED TO PLAINTIFF "FUCK YOU" "KILL YOURSELF LIKE THE LAST INMATE' DID IN THAT CELL" AND CONTINUED TO WALK PAST PLAINTIFFS CELL.

(16). AT THAT MOMENT PLAINTIFF BEGAN SELF-INFLICTING LACERATIONS TO HIS LEFT WRIST AND STARTED TAPPING ON HIS CELL WINDOW YELLING PSYCHOLOGICAL EMERGENCY IN ORDER TO RECEIVE MENTAL HEALTH ASSIS-TANCE.

(17). AT APPROXIMATELY TEN (10) MINUTES LATER LT. THOMPSON AND SGT. WARNER APPROACHED PLAINTIFFS CELL SEEKING THAT PLAINTIFF RELIN-QUISHED ALL HIS PERSONAL AND STATE PROPERTY TO BE PLACED ON 72 HOUR PROPERTY RESTRICTION WITHOUT A LEGITIMATE JUSTIFICATION, AT NO TIME DID PLAINTIFF DESTROY ANY KIND OF STATE PROPERTY NOR WAS PLAINTIFF'S PROPERTY BEING USED TO CAUSE IMMEDIATE HARM TO PLAINT-IFF OR OTHERS. THE ONLY REASON PLAINTIFF WAS BEING PLACED ON 72 HOUR PROPERTY RESTRICTION WAS IN A RETALIATORY ATTACK AGAINST PLAINTIFF FOR DECLARING A PSYCH-EMERGENCY.

(18). UPON LT. THOMPSON AND SGT. WARNER APPROACHING PLAINTIFFS CELL PLAINTIFF INFORMED THEM THAT HE HAD A PSYCH-EMERGENCY AND HAD CUT.

(19). THEREAFTER, DR. EMANUELLIED WHO IS A MENTAL HEALTH DIRECTOR APPROACHED PLAINTIFF'S CELL IN AN ATTEMPTE TO INITIATE A (CIT) IN WHICH PLAINTIFF INFORMED HIM THAT HE HAD CUT AND WAS SEEK-ING A PSYCHOLOGICAL EMERGENCY, PLAINTIFF THEN SHOWED DR. EMANUELLIED THE CUTS ON HIS LEFT WRIST, AT THAT TIME DR. EMANUELLIED

STATEMENT OF FACTS, CONTINUED:

STATED THAT PLAINTIFFS PSYCH-EMERGENCY WOULD BE TAKEN CARE OF
AFTER PLAINTIFF RELINQUISHED HIS PROPERTY TO THE PRISON OFFICIALS
TO BE PLACED ON 72 HOUR PROPERTY RESTRICTION

(20). AT THAT TIME I INFORMED DR. EMANUILIEDS THAT THERE
WAS NO LEGITIMATE REASON AS TO WHY I WAS BEING PLACED
ON 72 HOUR PROPERTY RESTRICTION AND THAT I HAD A PSYCH-
EMERGENCY.

(21). THEREAFTER, PLAINTIFF WAS PLACED ON THE USE OF FORCE
CAMERA AND AUDIO BEFORE THE USE OF CHEMICAL AGENTS WAS
UTILIZED AGAINST HIM AND IT WAS NEVER STATED ON AUDIO BY L.T.
THOMPSON AS TO WHY PLAINTIFF HAD TO RELINQUISH HIS PROPERTY TO BE
PLACED ON 72 HOUR PROPERTY RESTRICTION.

(22). UPON BEING ASKED BY L.T. THOMPSON IF PLAINTIFF WAS GOING
TO COMPLY WITH STRIP SEARCH PROCEDURES AND TO SUBMIT TO HAND-
CUFFING IN ORDER TO BE PLACED ON PROPERTY RESTRICTION, PLAINTIFF
REPLIED "YES". WHILE IN THE PROCESS OF CONDUCTING THE STRIP
SEARCH, SGT. WARNER LIED BY STATING THAT PLAINTIFF WAS NOT
CONDUCTING A PROPER STRIP SEARCH. AT THAT TIME L.T. THOMPSON HAD
CHEMICAL AGENTS USED AGAINST PLAINTIFF.

(23). AFTER THE USE OF THE UNNECESSARY USE OF CHE-
MICAL AGENTS AGAINST PLAINTIFF, PLAINTIFF CONDUCT A STRIP SEARCH
IN WHICH PLAINTIFF WAS ASKED TO RUN HIS FINGERS THROUGH
HIS MOUTH WITH CHEMICAL AGENTS ON HIS HAND, PLAINTIFF WAS
THEN ESCORTED OUT HIS CELL FOR A DECONTAMINATED SHOWER, AND
TO HAVE HIS CELL DECONTAMINED.

STATEMENT OF FACTS, CONTINUED:

(24). WHILE THE PLAINTIFF WAS IN THE SHOWER HE INFORMED DR. EMANI-
CIITEDS THAT HE STILL HAD A PSYCHOLOGICAL EMERGENCY. PLAINTIFF FURTHER
INFORMED DR. EMANOILIEDS OF HIS PSYCHOLOGICAL PROBLEMS OF BEING UNDER
EXTREME STRESS, THAT HE WAS HEARING VOICES, AND WAS HAVING SUICIDAL
AND HOMICIDAL THOUGHTS AND NEEDED TO BE PLACED IN THE SHOS CELL
OR HE WAS GONNA CUT AGAIN.

(25). DR. EMANOILIEDS DISREGARDED PLAINTIFFS THREAT TO SELF-HARM
HIMSELF AGAIN AND REFUSED TO PLACE PLAINTIFF IN THE SHOS CELL
AND INFORMED LT. THOMPSON THAT PLAINTIFFS ISSUES WAS A SECURITY
PROBLEM WHICH CAUSED PLAINTIFF TO START SELF INFLICTING CUTS
TO HIS LEFT WRIST IN FRONT OF DR. EMANOILIEDS.

(26). PLAINTIFF WAS DENIED MEDICAL TREATMENT OR TO BE SEEN
BY MEDICAL FOR HIS CUTS AND WAS ESCORTED BACK TO HIS CELL.

(27). UPON PLAINTIFF BEING RETURNED TO HIS CELL B-1212 ALL HIS
STATE AND PERSONAL PROPERTY HAD BEEN EXTRACTED FROM THE CELL. THE
ONLY ITEMS THAT WAS PRESENT IN THE CELL WERE THE STEEL BUNK, SINK
AND TOILET. THE TOILET WAS ENCRUSTED WITH OLD HUMAN EXCREMENTAL
RESIDUE ALONG WITH THE OUTSIDE OF THE TOILET FLOOR AREA WHICH
WAS ALREADY THAT WAY FROM THE LAST INMATE WHO DIED IN THAT
CELL. THERE WAS ALSO CHEMICAL AGENTS STILL ON THE WALL, FLOOR
BUNK AND IN THE AIR FOR OVER (72 HOURS). PLAINTIFF WAS
ALSO WITHOUT CLOTHING AND BEDDING AND ONLY POSSESSED A PAIR OF
BOXER SHORTS.

(28). FOR OVER (72 HOURS) PLAINTIFF WAS UNABLE TO KEEP HIMSELF
CLEAN, DEFECATE, PERFORM NORMAL HYGIENIC FUNCTIONS AS HE WAS
DENIED THE USE OF SOAP, TOWEL, TOILET PAPER, TOOTHBRUSH AND
OTHER HYGIENIC IMPLEMENTS AND UTENSILS THEREFORE WAS FORCED TO

STATEMENT OF FACTS, CONTINUED:

HANDLE AND EAT HIS FOOD WITHOUT THE SEMBLANCE OF CLEANLINESS THREE TIMES (3xs) PER DAY FOR FOUR DAYS WHICH POSED AN INTOLERABLE HEALTH AND SAFETY HAZARD.

(29). OVER THE 72 HOURS PERIOD PROPERTY RESTRICTION PLAINTIFF COULD NOT OBTAIN ANY SLEEP BUT AN APPROXIMATELY OF FIVE HOURS DUE TO THE CHEMICAL AGENTS STILL LINGERED IN THE AIR, ON THE WALL, FLOOR AND BUNK, PLAINTIFF WAS FORCED TO INHALE THE CHEMICAL FUMES OF THE CHEMICAL AGENTS. PLAINTIFF WAS ALSO FORCED TO HAVE CHEMICAL AGENTS STAY ON HIS BODY WITHOUT THE OPPORTUNITY TO WASH IT OFF. PLAINTIFF'S BODY FELT AS IF IT WAS ON FIRE BECAUSE OF THE CHEMICAL FUMES AND AGENTS IN THE CELL WHICH CAUSED INTENSE PAIN AND SUFFERING THE ENTIRE TIME ON STRIP AND DAYS AFTER, PLAINTIFF WAS FURTHER SUBJECTED TO FREEZING COLD WEATHER BECAUSE HIS CELL WINDOW WOULDN'T CLOSE ALL THE WAY AND THE OFFICER'S KEPT BOTH EXHAUST FANS ON AT ALL TIMES. SO IT FELT AS IF IT WERE 25 DEGREES IN PLAINTIFF'S CELL, THEREBY, CAUSING PLAINTIFF TO BE EXPOSED TO THE COLD TEMPERATURE WINTER WEATHER WITHOUT CLOTHING OR OTHER MEANS TO PROTECT HIMSELF OR TO ESCAPE THE DETRIMENTAL EFFECT THEREOF; THE SAID CONFINEMENT CELL, WAS USED AS A MEANS OF SUBJECTING PLAINTIFF TO OPPRESSION, EXCESSIVELY HARSH CRUEL AND UN-USUAL TREATMENT SPECIFICALLY FORBIDDEN BY THE EIGHTH AMENDMENT UNITED STATES CONSTITUTION.

(30). AFTER THE USE OF CHEMICAL AGENTS AND REHOUSING PLAINTIFF IN AN UNDECONTAMINATED STILL FREEZING CELL OVER A FOUR DAY PERIOD, PLAINTIFF EXPERIENCED INTENSE PAIN AND BURNING SENSATION ABOUT HIS BODY, HAD MUCUS COMING FROM HIS NOSE, CONSTANTLY BURNING OF BOTH EYES, CHEST PAIN, EXCESSIVE COUGHING, SORE THROAT, SWELLING OF THE RIGHT EYE, LACK OF BREATHING, ANXIETY ATTACKS, AND PANIC EPISODES AND ALL OTHER PROBLEMS ASSOCIATED

FROM THE PROLONGED EXPOSURE TO CHEMICAL AGENTS AND ITS FUMES. PLAINTIFF WOULD NOT HAVE SUFFERED ANY LINGERING EFFECTS OF THE CHEMICAL AGENTS HAD HIS CELL BEEN DECONTAMINATED.

(31). PLAINTIFF HAS EXHAUSTED ALL ADMINISTRATIVE REMEDIES CONTAINING THE FACTS AND CLAIMS OF THE LAW SUIT. HOWEVER, SOME GRIEVANCES WERE THROWN AWAY BY THE INSTITUTION IF NOT ALL OF THEM.

(32). IT SHALL BE NOTED THAT PLAINTIFF ALSO WAS THROWING UP HIS FOOD DUE TO THE UNSANITARY CONDITIONS HE WAS UNDER AND WAS EXPERIENCING ALOT OF STOMACH PAIN.

VII. RELIEF REQUESTED: State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

A. ISSUE A DECLARATORY JUDGMENT STATING THAT:

RELIEF REQUESTED, CONTINUED:

(1). THE DEFENDANTS FAILED TO ADHERED TO THE FLORIDA DEPARTMENT OF CORRECTIONS RULES AND PROCEDURES WHEN PLACING AN INMATE ON 72 HOUR PROPERTY RESTRICTION.

(2). DEFENDANT D. EMANOILIEDS FAILED TO USE HIS PROFESSIONAL JUDGMENT IN ENSURING THAT PLAINTIFF COULD NOT SELF-HARM HIMSELF.

(3). DEFENDANT WARNER AND THOMPSON ADVANCED PLAN TO SPRAY PLAINT-IFF WITH CHEMICAL AGENTS FOR UNJUST REASON WAS A VIOLATION OF FDOC RULES, PROCEDURES AND REGULATIONS.

(4). ALL THE NAMED DEFENDANTS IN THIS COMPLAINT ACTED UNDER THE COLOR OF STATE LAW AND USED THEIR INDIVIDUAL CAPACITY TO VIOLATE PLAINTIFF'S UNITED STATES CONSTITUTIONAL RIGHTS UNDER THE 8th AMEND-MENT.

B. AWARD COMPENSATORY DAMAGES IN THE FOLLOWING AMOUNTS:

(1). $250,000 (TWO HUNDRED AND FIFTY THOUSAND DOLLARS) JOINTLY AND SEVERALLY AGAINST DEFENDANTS. WARNER, KARR, HALL, THOMPSON AND EM-ANOILIEDS FOR THEIR DELIBERATELY INDIFFERENCE TOWARDS PLAINTIFF'S MEN-TAL HEALTH NEEDS. AND THE PAIN, AND SUFFERING HE EXPERIENCE DUE TO THE UNSAFE CONDITIONS OF CONFINEMENT.

(2). $60,000 (SIXTY-THOUSAND-DOLLARS) JOINTLY AND SEVERALLY AGAINST DEFENDANTS THOMPSON AND WARNER FOR THE UNNECESSARY USE OF FORCE TO WIT: CHEMICAL AGENTS

C. AWARD PUNITIVE DAMAGES IN THE FOLLOWING AMOUNTS:

(1). $75,000 DOLLARS AGAINST EACH DEFENDANT TO ELIMINATE THEIR

FUTURE VIOLATION OF INMATES UNITED STATES CONSTITUTIONAL RIGHTS.

D. A TRIAL BY JURY ON ALL ISSUES TRIABLE BY JURY.

E. PLAINTIFFS COST IN THIS SUIT ALONG WITH ATTORNEY FEES IF ANY.

E. SUCH OTHER AND FURTHER RELIEF AS THIS COURT MAY DEEM JUST AND

PROPER AND EQUITABLE.

## I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Signed this __14th__ day of __August__ , 2 _019_ .

_Antonio Buckmon_

(Signatures of all Plaintiffs)

## IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☑ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail on: the __14th__ day of __August__ , 20 _19_ .